UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVETTE GLUCK, Individually and as Administrator of the Estate of Tamar Rhode,

                        Plaintiff,

        -v-

ANTHONY M. SANDELLI and NORTHSTAR CONTRACTING GROUP, INC.,

                        Defendants.

CIVIL ACTION NO.: 21 Civ. 2038 (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

Before the Court is the motion of Plaintiff Yvette Gluck ("Ms. Gluck"), who brought this wrongful death action individually and as representative of the estate (the "Estate") of her deceased sister, Tamar Rhode ("Ms. Rhode"), for approval of the parties' settlement and for an award of costs and attorneys' fees to be paid from the settlement. (ECF No. 45 (the "Motion")). Ms. Gluck's claims arise from a tragic accident on February 6, 2021 in which a dump truck driven by Defendant Anthony M. Sandelli, an employee of Defendant Northstar Contracting Group, Inc. ("Defendants"), struck and killed Ms. Rhode in Times Square. (ECF Nos. 1 ¶¶ 7, 10–13; 48 ¶ 3; 49 ¶¶ 3–4).

After Ms. Rhode's death, Ms. Gluck retained Sakkas, Cahn & Weiss LLP ("Sakkas") to investigate and bring this action for her sister's death. (ECF No. 48 ¶ 4). Ms. Gluck also retained a Maryland law firm to assist in the opening and administration of her sister's estate in Montgomery County, Maryland, where Ms. Rhode had resided, and in distributing the assets of Ms. Rhode's estate. (ECF Nos. 48 ¶ 5; 49 ¶ 5). On February 22, 2021, the Register of Wills for

1

Montgomery County, Maryland, issued Letters of Administration to Ms. Gluck. (ECF No. 48 ¶ 6). Defendants, through their insurance carriers, have now offered, and Ms. Gluck intends to accept, the sum of $5,500,000 to settle this action in full. (Id. ¶ 8).

Pursuant to Rule 83.2(b) of the Local Civil Rules of the Southern and Eastern Districts of New York, in an action for wrongful death, "[w]here required by statute or otherwise, the Court shall apportion the avails of the action, and shall approve the terms of any settlement[,]" and "[t]he Court shall approve an attorney's fee only upon application in accordance with the provisions of the New York State statutes and rules." Loc. Civ. R. 83.2(b)(1)–(2). New York law requires that a court approve a compromise for a wrongful death action "after inquiry into the merits of the action and the amount of damages proposed . . . as it shall determine to be adequate including approval of attorneys['] fees and other payable expenses . . ." N.Y. Est. Powers & Trusts L. § 5-4.6.

## I. SETTLEMENT AMOUNT

"The court must determine whether the proposed settlement is fair, reasonable and adequate by comparing the terms of the compromise with the likely rewards of litigation." Ratcliffe v. Pradera Realty Co., No. 05 Civ. 10272 (JFK), 2008 WL 801498, at *1 (S.D.N.Y. Mar. 25, 2008) (citing Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999) (citations omitted)). "A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and (iii) there has been sufficient discovery to enable counsel to act intelligently[.]" Id. (citations omitted).

Plaintiff's counsel has submitted an affirmation in which he sets forth the history of the investigation and prosecution of this action, and attaches numerous exhibits. (ECF Nos. 49 (the "Sakkas Affirmation"); 49-1 – 49-23 (the "Exhibits")). Plaintiff has also submitted a memorandum of law (ECF No. 47 (the "Memo of Law")) and Ms. Gluck's affidavit (ECF No. 48 ("Ms. Gluck's Affidavit")), which, in combination, disclose that the amount of the settlement is $5,500,000, the amount of attorneys' fees to be paid to Sakkas is $1,833,333.33, and the amount of costs to be paid to Sakkas is $15,384.05. (ECF Nos. 47 at 6; 48 ¶¶ 8, 12–13).[1]

On review of the Sakkas Affirmation and Exhibits, the Memo of Law, and Ms. Gluck's Affidavit, the Court finds that the proposed settlement is fair, reasonable, and adequate. There is nothing in the record to rebut the presumption that the settlement was reached only after arm's length negotiation by competent counsel. In addition, the settlement was entered into only after significant investigation and discovery had occurred, and Plaintiff's counsel had engaged experts to review the accident and Ms. Rhode's injuries. (ECF Nos. 49 ¶¶ 20–23, 27–37). Accordingly, "'[w]hen balanced against the uncertain prospects and added expense of continued litigation, the settlement provides a certain cash recovery to the plaintiff[] that is fair, reasonable, and adequate.'" Moises, 2018 WL 7356770, at *1 (quoting Ratcliffe, 2008 WL 801498, at *1).

---

[1] By Order dated March 1, 2022, the Court denied without prejudice Plaintiff's letter-motion to seal the amount of the settlement and directed the parties to file the settlement agreement for the Court's review by April 8, 2022. (ECF No. 44). The parties have not filed a copy of the settlement agreement, but have informed the Court of the settlement amount, amount of attorneys' fees and costs, and other material terms sufficient for the Court to conduct its statutory review. See Moises v. Riverbank Rest. LLC, No. 17Civ. 9943 (SDA), 2018 WL 7356770, at *1 (S.D.N.Y. Dec. 21, 2018) (approving wrongful death settlement, the terms of which were summarized in plaintiff's counsel's affidavit).

## II. ATTORNEYS' FEES

The settlement also calls for Plaintiff's counsel, Sakkas, to receive a contingency fee of one-third of the gross settlement amount and reimbursement of costs, consistent with their retainer agreement with Ms. Gluck. (ECF Nos. 47 at 6; 48 ¶¶ 12–14; 49 ¶ 18). Sakkas will receive $1,833,333.33 in attorneys' fees plus reimbursement of costs in the amount of $15,384.05. (ECF Nos. 48 ¶¶ 12-13; 49 ¶ 18; 49-23).

The Court finds that the proposed amount of attorneys' fees of $1,833,333.33, or one-third of the settlement amount, is reasonable pursuant to New York law, which provides that "[a] percentage not exceeding 33% of the sum recovered" in a wrongful death action is deemed to be a "reasonable fee[]." 22 N.Y.C.R.R. § 603.25(e)(2). Accordingly, the proposed attorneys' fees are in accord with applicable New York law, in compliance with Local Civil Rule 83.2(b)(2). Finally, the expenses for which Plaintiff's counsel seek reimbursement, including service, mailing, court reporting, medical record copying, and expert services, are standard litigation expenses and appropriate in this action. (ECF No. 49-23).

For the above reasons, the Motion is GRANTED and the Court approves the proposed settlement and award of attorneys' fees and costs as fair and adequate. The parties shall file a stipulation of dismissal of this action with prejudice by **May 23, 2022**.

In light of the parties' settlement of this action in full, Plaintiff's motion for partial summary judgment as to Mr. Sandelli (ECF No. 27) is DENIED as moot.

The Clerk of the Court is respectfully directed to close ECF Nos. 27 and 45.

Dated: New York, New York
May 16, 2022

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

5